# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CC-01844-SCT

*PUBLIC EMPLOYEES' RETIREMENT SYSTEM*

*v.*

*JANNIE M. DISHMON*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/04/1999 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARY MARGARET BOWERS |
| ATTORNEY FOR APPELLEE: | BOTY McDONALD |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 02/15/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/8/2001 |

### EN BANC.

### SMITH, JUSTICE, FOR THE COURT:

¶1. The Public Employees' Retirement System of Mississippi (PERS) appeals a ruling of the Circuit Court of Hinds County which overturned an administrative decision denying disability benefits to Jannie M. Dishmon, a Department of Human Services (DHS) employee. Dishmon applied to the PERS Medical Board for disability based on complications due to diabetes and other maladies. Her application was initially denied based on lack of supporting evidence. Dishmon then appealed to the Disability Appeals Committee ("the Committee"). After interviewing Dishmon and reviewing other medical documentation, the Committee denied Dishmon's claim. The findings of the Medical Review Board and the Committee were sent to the Board of Trustees of PERS, which affirmed the ruling that Dishmon was not disabled.

¶2. Dishmon appealed to the Circuit Court of Hinds County which reversed the decision of the Board of Trustees, finding that the board arbitrarily and capriciously ignored substantial evidence in support of disability. This Court, however, cannot ignore continuing serious legal error by a state agency. Allowing Dr. Winkelmann, an original member of the Medical Review Board who denied Dishmon's claim, to also sit on her appeal is reversible error. Consistent with our views in *__Dean v. Public Employees' Ret. Sys__*., No. 98-CT-00033-SCT, 2000 WL 1864480, at * 6 (¶ 26)(Miss. Dec. 21, 2000), and *__Byrd v. Public Employees Ret. Sys.__*, No. 1999-SA-00700-SCT, 2000 WL 1864469, at * 6-7 (Miss. Dec. 21, 2000) we reverse and remand with instructions to remand to PERS for an impartial review of Dishmon's claim consistent with this opinion.

### STATEMENT OF FACTS

¶3. Jannie Dishmon began her employment with the Warren County Department of Human Services in March of 1985. As an Eligibility Worker II, Dishmon was responsible for assessing the qualifications of potential recipients of food stamps and AFDC (Aid to Families with Dependent Children) funding. Her job

entailed interviewing candidates, documentation of her findings, and other related activities.

¶4. Under proper circumstances state employees are entitled to disability retirement benefits under the Public Employees' Retirement System. The relevant statute provides in pertinent part:

> [A]ny active member in state service who has at least four (4) years of membership service credit may be retired by the board of trustees...provided that the medical board, after a medical examination, shall certify that the member is mentally or physically incapacitated for the further performance of duty, that such incapacity is likely to be permanent, and that the member should be retired...

Miss. Code Ann. § 25-11-113(1)(a) (1999). During her employment with DHS, Dishmon allegedly began to suffer from a host of health problems. In March of 1997, the Social Security Administration found Dishmon completely disabled and awarded her benefits.

¶5. Dishmon filed her initial claim with PERS in March of 1997. The Medical Review Board reviewed her application which included the Social Security award, letters from her physician, and her description of other physical complications. The Board found that there was not substantial evidence in support of a permanent disability as defined in § 25-11-113. Dishmon then appealed the Medical Board ruling to the Disability Appeals Committee.

¶6. The Committee conducted a formal hearing in its de novo review and agreed with the finding of the Medical Board that Dishmon failed to prove she was unable to perform her duties as an Eligibility Worker II. The material for review consisted of Dishmon's testimony, findings of the Medical Review Board, Dishmon's employer statements, letters from Dishmon's physician, Dishmon's medical records, and the disability award from the Social Security Administration. The Committee sent recommendations for denial to the Board of Trustees for PERS which were thereafter adopted as the final administrative ruling.

¶7. Having exhausted the available administrative remedies, Dishmon then perfected her appeal to the Circuit Court of Hinds County. The circuit court reversed the decision of the Board and found that PERS had acted arbitrarily and capriciously by disregarding substantial evidence in favor of Dishmon. PERS appeals the judgment of the circuit court and raises the following issue for review:

> **I. THE CIRCUIT COURT ERRED IN FINDING THAT PERS ACTED ARBITRARILY AND CAPRICIOUSLY IN DENYING DISHMON'S APPLICATION FOR DISABILITY BENEFITS.**

The following issue was not raised by Dishmon, however it should be considered as grounds for reversal based on plain error.

> **II. DISHMON'S DUE PROCESS RIGHTS WERE VIOLATED WHEN MEMBERS OF THE PERS MEDICAL REVIEW BOARD, WHICH DENIED HER CLAIM, SUBSEQUENTLY SAT ON THE DISABILITY APPEALS COMMITTEE AND REVIEWED THE BOARD'S DENIAL**

### STANDARD OF REVIEW

¶8. A court faced with the review of a decision of an administrative agency is very limited as to the scope

and depth of its inquiry. Rule 5.03 of the Uniform Circuit and County Court Rules provides that the reviewing court will entertain an appeal only to determine if the order or judgment of the lower authority was: 1) supported by substantial evidence; 2) arbitrary or capricious; 3) beyond the power of the lower authority to make; or 4) violated some statutory or constitutional right of the complaining party. *See also Fulce v. Public Employees Retirement Sys.*, 759 So. 2d 401, 404 (Miss. 2000)*; Davis v. Public Employees' Retirement Sys.*, 750 So. 2d 1225, 1229 (Miss. 1999)*; Brinston v. Public Employees' Retirement Sys.*, 706 So.2d 258, 259 (Miss. Ct. App. 1998).

¶9. There is a rebuttable presumption in favor of a PERS ruling. *Brinston*, 706 So.2d at 259. Neither this Court nor the circuit court is entitled to substitute its own judgment for that of PERS, and it is impermissible for a reviewing court to re-weigh the facts of the case. *Mississippi Pub. Serv. Comm'n v. Merchants Truck Line, Inc,* 598 So. 2d 778, 782 (Miss. 1992). The focus for this review is whether substantial evidence existed to support the agency decision and whether the decision crosses the threshold of being arbitrary and capricious.

## DISCUSSION

### I. DID THE CIRCUIT COURT ERR IN FINDING THAT PERS ACTED ARBITRARILY AND CAPRICIOUSLY IN DENYING DISHMON'S APPLICATION FOR DISABILITY BENEFITS?

¶10. PERS is a state entity designed to provide state employees with alternative disability and retirement income that is accorded to others under the Social Security Act. Miss. Code Ann. § 25-11-3 (1999). The disability benefits, which are at issue here, come in two categories. The first is covered by § 25-11-113(1)(a) which provides:

> Upon the application of a member or his employer, any active member in state service who has at least four years of membership service credit may be retired by the board of trustees...provided that the medical board, after a medical examination, shall certify that the member is mentally or physically incapacitated for the further performance of duty, that such incapacity is likely to be permanent, and that the member should be retired.

¶11. The above option covers employees for any injuries that prove to rise to the debilitating level required by statute, whether or not they occur as a result of work-related activities. Miss. Code Ann. § 25-11-114(6) (1999) describes the second category and provides benefits for state workers where the injury occurred during the performance of work-related duty regardless of the number of years of experience. However, under either option the Medical Board must find that the person is disabled according to the strict statutory definition which states:

> [T]he inability to perform the usual duties of employment or the incapacity to perform such lesser duties, if any, as the employer, in its discretion, may assign without material reduction in compensation, or the incapacity to perform the duties of any employment covered by the PERS that is actually offered and is within the same general territorial work area, without material reduction in compensation.

*Id.* § 25-11-113(1)(a). The statute also provides that the Medical Board will review an application and may grant the disability benefits providing the board certifies that the member is "mentally or physically

incapacitated for the further performance of duty, that such incapacity is likely to be permanent, and that the member should be retired." *Id.* Two committees comprised partially of medical professionals as well as the Board of Trustees for PERS found that Dishmon did not meet the statutory requirements for disability, yet the circuit judge found to the contrary.

¶12. The question here is not whether there was evidence in support of Dishmon's disability, but whether there was substantial evidence to support the finding of the administrative agency. The standard of review limits this Court to reviewing the lower court's decision to determine whether the record can support this finding. This Court may not substitute its own judgment for that of the agency which rendered the decision, nor may we re-weigh the facts of the case. *Mississippi Pub. Service Comm'n v. Merchants Truck Line, Inc.,* 598 So. 2d 778, 782 (Miss. 1992).

### a. Medical Board Summary and Testimony

¶13. Dishmon claims that the medical board was presented with substantial evidence in support of a finding of permanent disability. Substantial evidence has been defined as that which provides an adequate basis of fact from which the fact in issue can be reasonably inferred. *Delta CMI v. Speck,* 586 So. 2d 768, 773 (Miss. 1991). Brenda Parks, a medical analyst, read the findings of the Medical Review Board into the record at the hearing before the Disability Appeals Committee. The Board noted that Dishmon is a 50-year-old woman with a history of diabetes and hypertension, cellulitis of the right large toe, and chest pain. The summary also states that Dishmon's physician had provided a letter in 1996 which details a history of diabetes, hypertension, degenerative arthritis, vascular disease, as well as anxiety and depression.

¶14. PERS argues that while there is no doubt Dishmon suffers from these medical problems, they are not so severe that they warrant a decision that Dishmon is totally disabled. PERS submits that because Dishmon has had diabetes for 8 years and has been working with DHS for essentially this whole time, the condition is not debilitating.

¶15. Dishmon has the burden of proving to the Medical Board and to the Appeals Committee that she is in fact disabled. Upon review of the record, Dishmon discounted her injuries upon inquiry and did not adequately prove that she is disabled. Furthermore, Dishmon's personal physician noted in one of his reports that her diabetes and cardiovascular disease are well controlled.

¶16. In 1995 Dishmon was hospitalized for osteomyelitis of her right, large toe. Osteomyelitis is an infectious inflammatory disease, and Dishmon underwent surgery to have the affected toenail removed. Dishmon was questioned as to the seriousness of this condition and stated that she is able to take oral antibiotics to treat the problem successfully. She further testified that the condition flares up only about once every two months, that it does not keep her from driving, and that open-toed shoes greatly reduce the discomfort. When questioned about her chest pain, Dishmon replied that she only has mild blockage and "everything was normal because it was not significant blockage in the aorta."

¶17. The essence of Dishmon's claim is that she is unable to perform the duties of an Eligibility Worker II. The PERS Staff Summary indicates that the position requires little more than using technical knowledge to complete case reports using a computer.

¶18. PERS argues that since Dishmon testified that she is able to cook and wash clothes that she would also be able to sit at a computer and draft reports for DHS. Dishmon was directly questioned about her

work and how her health interacts with her job and replied as follows:

> Okay, I'm an Eligibility Worker which requires full concentration. I do interviews to determine eligibility for food stamps and AFDC recipients and I have to work the case and have to document them and write the cases up on the computer and my medical condition affects that because I'm unable - well, first of all I have some nerve damage in my right hand and I have carpal tunnel syndrome, and this right hand, I do not have full use of it. I can use it. I'm not saying I can't use it, but I don't have full use of it, and it's a combination of that and the inability to concentrate that affects my work.

There does not appear to be any other evidence of carpal tunnel syndrome in the record even though the record is substantiated by many of Dishmon's medical reports. At the hearing before the Appeals Committee, Dishmon made other medical claims. First, she stated that she experiences some problems with cataracts, but that the condition is correctable with glasses or surgery. Second, Dishmon stated that she has had complications with her thyroid, but this has not caused any "real" problems for her.

¶19. The Board and Committee apparently concluded that Dishmon was either untruthful or the injury described was not significant enough to warrant disability. This Court cannot attempt to weigh the credibility of Dishmon. *See Mississippi State Bd. of Pub. Accountancy v. Gray,* 674 So. 2d 1251, 1253 (Miss. 1996). The Appeals Committee was the trier of facts in this case, and it had the opportunity to look the witnesses in the eyes to determine credibility.

¶20. Dishmon also focuses on the facts that she was certified as disabled by her employer and that PERS should have accepted as conclusive the determination by the Social Security review board in its finding that she met its requirements for disability. The circuit court found that these issues were entirely ignored by the agency review board.

### b. Personal Physician Reports

¶21. Dishmon argues that the opinion of her personal physician should have been given more weight by the Medical Review Board and the Appeals Committee. Dr. Paul W. Pierce submitted a letter which states in pertinent part, "she cannot engage in any activities, nor is she capable of working in any type of job at this time. I feel that the patient is still permanently and totally disabled." PERS contradicts the physician's opinion with other medical reports from the same physician that classify her diabetes and cardiovascular disease as "well controlled."

¶22. Dr. Pierce's letter was not ignored by the Medical Review Board or the Committee, and it would be reasonable for them to disregard this physician's opinion. Dishmon was questioned regarding her illnesses and de-emphasized their seriousness during the hearing. Since the testimony by Dishmon was given in July of 1997 and the Dr. Pierce's letter was submitted in March of 1997, it is logical that Dishmon's conditions could have improved.

### c. Employer's opinion

¶23. An employee of the state who wishes to receive disability payments under PERS must first submit an application which includes a Form 6B. This form is to be completed by the applicant's employer and sets forth preliminary information that is helpful to the board in assessing the application before it. It includes details such as the job description and whether the employer/supervisor is of the opinion that the employee

is able to perform his/her job. Dishmon's supervisor described her job as one that requires technical knowledge and consists of completing reports, walking, and fine manipulations, i.e. typing.

¶24. The supervisor is also required to check either yes or no to a question stated as follows in form 6B, "In your opinion, can the employee perform his/her job?" Dishmon's supervisor replied in the negative, claiming "Employee is no longer able to sit for long periods of time or operate computer terminal keyboard to work cases."

¶25. PERS convincingly argues that the opinion of a lay person should not be taken as conclusive evidence of disability. The Committee consisted of at least two medical doctors who were able to directly observe Dishmon and question her as to her maladies. There is a rebuttable presumption in favor of the action of an administrative agency, and the burden of proof is on the one challenging its action. *Ricks v. Mississippi State Dep't of Health*, 719 So.2d 173, 177 (Miss. 1998). Dishmon had her opportunity to prove to the board that her condition was a permanent disability and apparently failed in her efforts.

### d. Social Security

¶26. Dishmon asserts that PERS erroneously ignored the Social Security finding that she was disabled. The record indicates that the Appeals Committee, comprised of two physicians, a member of the Attorney General's office, and a member of the Board of Trustees, took notice of the fact that Dishmon had previously received an award for Social Security Benefits. This is contrary to the finding of the circuit court.

¶27. While Dishmon did receive a final ruling of disability from an Administrative Law Judge, it appears from the record that she was initially denied this Social Security claim also. Furthermore, the ALJ utilized only part of the Social Security definition for disability. The ALJ relies on § 1614 of the Social Securities Act for the definition of disability and states in his report that a "disability" is defined as: "the inability to engage in any substantial gainful activity due to medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months." A more complete definition is found in the Social Security Act and includes the above plus the following: "an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot...engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A) (Supp. 2000).

¶28. Dishmon argues that since § 25-11-113 of the Mississippi Code provides that PERS "may" accept a disability medical determination from the Social Security Administration as dispositive, that PERS should have done the same. Dishmon concedes that the statute is permissive and does not require PERS to accept the findings of the Social Security Administration, but further claims that the agency failed to address the issue.

¶29. PERS argues that there is no statutory or other authority which requires the agency to accept the finding of the Social Security Administration as its own and that the method for determination of disability under the PERS statutes varies greatly from the method of Social Security. PERS claims that it utilizes, as mandated by state statute, an analysis of whether a person falls within the parameters of the following definition:

> [T]he inability to perform the usual duties of employment or the incapacity to perform such lesser

duties, if any, as the employer, in its discretion, may assign without material reduction in compensation, or the incapacity to perform the duties of any employment covered by the PERS that is actually offered and is within the same general territorial work area, without material reduction in compensation....and that there is a finding that the applicant is mentally or physically incapacitated for the further performance of duty, that such incapacity is likely to be permanent, and that the member should be retired.

Miss. Code Ann. § 25-11-113(1)(a) (1999). PERS also notes that the Social Security Act utilizes a different definition, but makes the same mistake as the ALJ in quoting only a portion of the statute. The definitions under PERS and Social Security authority are not as different as both parties claim. However, the methods of reaching a conclusion of whether a claimant is disabled may very well be vastly different, and § 25-11-113 clearly does not bind PERS to any finding by the Social Security Agency. As to the argument by Dishmon and the conclusion by the circuit court that the matter was ignored by the administrative board, the record indicates that the board noted the fact that Dishmon had received the Social Security award. The medical doctors on the Appeals Committee for PERS questioned Dishmon as to all claimed disabilities. There is no authority requiring PERS to substitute their opinion for that of the Social Security or the ALJ.

¶30. The circuit court found that the PERS ruling was arbitrary and capricious because PERS did not follow the ruling of the Social Security Administration. Administrative rulings have been found to be arbitrary or capricious where they were unsupported by any evidence. *Davis*, 750 So.2d at 1229. In *Brinston*, the claimant was denied disability benefits by PERS under § 25-11-114 which requires the disability to be a result of work related activity. The Court of Appeals found that the failure of the board to adopt the rationale of the workers' compensation law in determining PERS disability was not arbitrary and capricious. *Brinston*, 706 So. 2d at 260. Like the workers' compensation law, Social Security is a separate agency from PERS and governed by different laws. The decision can not be considered arbitrary and capricious based on the fact that PERS did not follow the ruling of the Social Security Agency.

¶31. The circuit court also gives weight to the fact that Dishmon was not offered alternative employment. The PERS definition of disability as noted, supra, states that a disability is also the incapacity to "perform such lesser duties, if any, as the employer, in its discretion, may assign...." However, the statute in no way requires the agency to offer alternative work, and the fact that it did not is not indicative of whether Dishmon was or was not disabled.

¶32. In *Fulce*, a Department of Audit employee appealed a decision of PERS to terminate disability benefits. *Fulce*, 759 So. 2d at 402. The circuit court affirmed the agency decision. *Id.* at 403. This Court reversed the circuit court and remanded the case to PERS for further investigation as to whether the claimant's condition was currently debilitating. *Id.* There was a lack of sufficient medical information in the record for this Court to make an informed decision. *Id.* Mrs. Fulce complained of diarrhea induced from successful cancer treatment, depression, sleep apnea, and diabetes. *Id.* at 404.

¶33. *Fulce* is distinguishable from the case at hand. Fulce had only visited a psychologist once(which was over five years prior to the claim), she had never followed up with a physician regarding her diarrhea, and she had not visited a physician regarding complaints of other pains and abnormalities. *Id.* at 405. In contrast, Dishmon has complete medical documentation before PERS and this Court. Also, the PERS reexamining physician determined that Fulce was not permanently disabled, but the report was extremely brief and provided little information. *Id.* Furthermore, Fulce had previously been determined to be disabled.

PERS was merely exercising its rights pursuant to Miss. Code Ann. § 25-11-113(6) which allows for termination of disability benefits. Dishmon has never received PERS disability benefits.

**II. WERE DISHMON'S DUE PROCESS RIGHTS VIOLATED WHEN MEMBERS OF THE PERS MEDICAL REVIEW BOARD, WHICH DENIED HER CLAIM, SUBSEQUENTLY SAT ON THE DISABILITY APPEALS COMMITTEE AND REVIEWED THE BOARD'S DENIAL**

¶34. One of the physicians sitting on the Disability Appeals Committee also sat on the Medical Review Board. The Court of Appeals has consistently held that this is a violation of due process of law. *Flowers v. PERS*, 748 So.2d 178, 180 (Miss. Ct. App. 1999); *Burns v. Public Employees Retirement Sys.*, 748 So.2d 181, 183 (Miss. Ct. App. 1999). Recently, this Court reversed a denial of benefits and remanded for further consideration because it found this procedure to violate the applicable PERS statutes:

> We hold that no reasonable interpretation of Miss. Code Ann. § 25-11-120(3) and the relevant attendant statutes will allow the Board of Trustees to appoint a committee comprised partly of members of the Medical Board to sit as hearing officers in review of a decision by the Medical Board. It does not matter that the Board of Trustees is the final arbiter of the decision after the Disability Appeals Committee has made it recommendation.

*Dean v. Public Employees' Ret. Sys.*, No. 98-CT-00033-SCT, 2000 WL 1864480, at * 6 (¶ 26) (Miss. Dec. 21, 2000). *Accord*, *Byrd v. Public Employees Ret. Sys.*, No. 1999-SA-00700-SCT, 2000 WL 1864469, at * 6-7 (Miss. Dec. 21, 2000).

¶35. The first determination should be whether this rises to the level of plain error. This Court only addresses issues on plain error review when the error of the trial court has impacted upon a fundamental right of the defendant. *Gray v. State*, 549 So.2d 1316, 1321 (Miss.1989). This Court can decide this issue only if it views it as plain error under M.R.A.P. 28(a)(3) which reads in pertinent part, "[B]ut the court may, at its option, notice a plain error not identified or distinctly specified." Furthermore, this Court recently remanded a case on an issue raised solely by the Court. *Calhoun v. Ellisville State Sch.*, 735 So.2d 381 (Miss. 1999).

¶36. Here, it appears that Dishmon's statutory guarantees of due process have been violated by virtue of Dr. Winkelmann sitting in judgment of his own conclusion that Dishmon is not entitled to disability benefits. Dr. Winkelmann was a member of the Medical Review Board that originally denied Dishmon's claim. He also sat on the Disability Appeals Committee. Dr. Winkelmann was essentially reviewing his own disability benefit decision, and there are serious possibilities that Dishmon has been prejudiced by the denial of her claim. The conflict of interest here is the same as in *Dean*, *Byrd*, *Flowers*, and *Burns*, and casts serious doubts on the integrity of the process by which PERS reviews its disability claims. *See Dean*, 2000 WL 1864480, at *6; *Byrd*, 2000 WL 1864469, at *6-7; *Flowers*, 748 So. 2d at 180; *Burns*, 748 So. 2d at 1830.

## CONCLUSION

¶37. Based upon the record presented, this Court finds that the circuit court erred in reversing the decision of the PERS Board of Trustees based on arbitrary and capricious behavior in ignoring substantial evidence. While we are bound by an agency's finding of facts even though this Court as fact finder might have been

convinced otherwise, serious legal errors should not be ignored. *Spann v. Wal-Mart Stores, Inc.*, 700 So. 2d 308, 311 (Miss. 1997). Consistent with *Dean*, *Byrd*, *Flowers* and *Burns*, we reverse and remand to the Hinds County Circuit Court with instructions to remand to PERS for a fair and impartial review of Dishmon's disability claim.

¶38. **REVERSED AND REMANDED.**

**PITTMAN, C.J., MILLS, WALLER AND COBB, JJ., CONCUR. BANKS, P.J., CONCURS IN PART WITH SEPARATE WRITTEN OPINION. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ AND EASLEY, JJ.**

**BANKS, PRESIDING JUSTICE, CONCURRING IN PART:**

¶39. I concur in the result reached by the majority. However, because we have decided that there was no fair and impartial hearing under the governing statutes here involved, I see no reason to examine the facts in the record and express an opinion concerning whether the result reached by that flawed process was correct. Accordingly, I join only Part II of the majority opinion.

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶40. I agree with the circuit court's decision that PERS and its members were in error and acted in an arbitrary and capricious manner when they handled this claimant's case. The overwhelming weight of evidence clearly showed that the claimant was disabled. Social Security had previously rendered a judgment that she was totally disabled, not only from doing her state job, but also from doing any other work. Further, the Social Security decision, although is not binding on PERS, clearly indicates that PERS acted arbitrarily and capriciously. Because of the definitions of the Social Security Act, the Social Security decision should give rise to a rebuttable presumption that this person is unable to do this job or any other job and that there has to be some overwhelming evidence to overcome it. The fact that the PERS medical doctors gave an opinion and then participated in the decision-making process was arbitrary and capricious and a violation of the claimant's rights.

¶41. Therefore, I would not reach the level that the majority has by finding plain error and I therefore, dissent to that portion of the opinion. I would affirm the trial court and hold that PERS was arbitrary and capricious in both its decision and the manner of member participation on both boards.

**DIAZ AND EASLEY, JJ., JOIN THIS OPINION.**