LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. Gladys Winston was employed by the Warren County School District as a teacher for fourteen and one-half years. Winston experienced back pain, knee pain, and degenerative disc disease, all of which she claimed prevented her from working. Winston also suffered from other medical problems, such as diabetes, hypertension, high blood pressure, and, in 2000, she was diagnosed with Bell’s Palsy.
¶ 2. Winston terminated her employment effective December 22, 2000. Winston’s application for disability benefits was filed on November 30, 2000. After the Medical Review Board considered her application, it twice deferred its decision pending a functional capacity evaluation of Winston. The Medical Review Board postponed its decision again in September 2001, pending an independent medical examination. In November 2001, the Board reviewed Winston’s application, documentation and independent medical examination, and denied her claim. Upon reviewing additional medical evidence received on March 11, 2002, the Board again denied Winston’s claim.
¶ 3. Winston then appealed. After a hearing on April 8, 2002, the Disability Appeals Committee denied benefits to Winston. On June 18, 2002, the PERS Board of Trustees adopted the findings of the Disability Appeals Committee and denied Winston’s disability claim. Winston then appealed to the Hinds County Circuit Court. The trial judge reversed the Board’s decision and granted Winston disability benefits. PERS now appeals asserting that the trial judge erred in reweighing the evidence by finding the order of the Board denying Winston’s claim arbitrary and capricious and not supported by substantial evidence. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 4. The scope of review of actions by administrative agencies is well established. According to Rule 5.03 of the Uniform Circuit and County Court Rules, it is the duty of the reviewing court to ascertain whether the Board’s decision (1) was supported by substantial evidence; (2) was arbitrary or capricious; (3) was beyond the power of the lower authority to make; or (4) violated some statutory or constitutional right of the complaining party. See also Pub. Employees’ Ret. Sys. v. Dearman, 846 So.2d 1014, 1018(¶ 13) (Miss.2003); Pub. Employees’ Ret. Sys. v. Dishmon, 797 So.2d 888, 891(¶ 8) (Miss. 2001). The applicant for disability income bears the burden of proving that he or she is actually disabled. Dishmon, 797 So.2d at (¶ 15). There is a rebuttable presumption in favor of a PERS ruling. Brinston v. Pub. Employees’ Ret. Sys., 706 So.2d 258(¶ 6) (Miss.Ct.App.1998).
*108 DISCUSSION
I. WAS THE BOARD’S DECISION TO DENY BENEFITS ARBITRARY AND CAPRICIOUS AND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE?
¶ 5. In its only issue, PERS states that the evidence supporting the decision of the Board is substantial and, therefore, neither arbitrary nor capricious. PERS argues that the record supports the Board’s decision. Substantial evidence has been defined as “such relevant evidence as reasonable minds might accept as adequate to support a conclusion.” Delta CMI v. Speck, 586 So.2d 768, 769 (Miss.1991).
¶ 6. The lower court found that Winston had presented substantial evidence that her medical condition precluded her from performing the usual duties of her employment and that the Board’s finding that she was not disabled was arbitrary and capricious. We agree for the following reasons. The evidence in this case was based on medical opinions from four different doctors, three of whom saw Winston on more than once occasion. Dr. Thomas Sligh examined Winston on at least three occasions wherein he noted her various medical problems, including diabetes and back problems. In a letter dated January 7, 2002, addressed to PERS, Dr. Sligh stated that “[w]ith her [Winston] multiple medical problems, I really believe she is totally disabled.”
¶ 7. Dr. Gloria Butler, who had been seeing Winston since 1995, in a PERS form, noted that Winston had developed “persistent low back pain and significant restriction of lower extremity movement due to pain.” Dr. Butler also noted that Winston had not responded to either treatment or therapy for her back problems. In this same form, Dr. Butler further stated that she considered Winston’s disability permanent. Also, in a letter dated April 6, 2001, Dr. Butler stated that Winston was “unable to do her work as a teacher.”
¶ 8. Dr. Robert McGuire, Professor and Vice-Chairman of the Department of Or-thopaedic Surgery and Rehabilitation at University Orthopaedic Associates, found that Winston suffered from lumbar disc disease. In a letter dated March 26, 2001, Dr. McGuire found that “[s]he must change positions frequently from sitting, standing to walking. She will not be able to sit or stand in one position for any period greater than thirty minutes at a time.” After examining Winston on February 16, 2001, Dr. McGuire noted that Winston had “applied for her disability which I feel is appropriate due to the inability to sit, stand or walk for any period of time.”
¶ 9. The fourth doctor, Dr. David Col-lipp, performed an independent medical evaluation on Winston as requested by PERS. Dr. Collipp evaluated Winston one time for thirty-five minutes. Dr. Collipp determined that Winston was attempting to deceive him and further determined that she was able to perform light duty work as her job required.
¶ 10. Other testimony at the hearing included Rick Tillotson, the principal at the school where Winston was employed. Tillotson noted that a new teaching plan recently adopted by the school required an increased level of physical interaction with the students and that Winston was unable to perform as required. Tillotson specifically stated, “As a kindergarten teacher she is not able to move about the room as the job requires.” Although Tillotson stated that he attempted to accommodate Winston, her back pain ultimately prevented her from continuing with teaching.
¶ 11. We find that Winston presented substantial evidence of her disability and PERS cannot arbitrarily deny disability *109 benefits when presented with such evidence. We affirm the decision of the lower court.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ concur.