940 So.2d 945 (2006)
Lillie BRAKEFIELD, Appellant
v.
The PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Appellee.
No. 2003-CC-01680-COA.
Court of Appeals of Mississippi.
March 14, 2006.
Rehearing Denied July 25, 2006.
*946 William Owen Mayfield, Jackson, attorney for appellant.
Mary Margaret Bowers, attorney for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. Lillie Brakefield was a nurse's aide at the University of Mississippi Medical Center (UMC) for over twenty years. On October 17, 1996, Brakefield filed a workers' compensation report of injury. In the report, Brakefield claimed that she sustained an injury when she assisted another hospital worker in turning a heavy bedridden patient. After the injury, Brakefield continued to work for approximately one month. Brakefield did not work after November 19, 1996, but she was not officially terminated from employment until February of 1998. On February 18, 1998, Brakefield filed her application with the Public Employees' Retirement System of Mississippi (PERS). Brakefield was notified that her PERS application had been denied so she requested a hearing with the PERS Disability Appeals Committee. The committee granted Brakefield a hearing. After weighing the evidence, the committee recommended that the PERS Board of Trustees deny Brakefield's application. The PERS Board of Trustees adopted the committee's findings.
¶ 2. On September 21, 1999, a notice of appeal was filed in the Circuit Court of Hinds County to seek judicial review of the PERS Board of Trustees's decision. The circuit court affirmed PERS' ruling and Brakefield now appeals, raising the following issues:
I. WHETHER THE CIRCUIT COURT ERRED IN AFFIRMING THE DECISION OF THE PERS BOARD OF TRUSTEES
II. WHETHER THE DECISION BY THE BOARD OF TRUSTEES VIOLATED THE APPELLANT'S STATUTORY RIGHT

FACTS
¶ 3. Lillie Brakefield was a nurse's assistant at University Medical Center for over twenty years. On October 17, 1996, Brakefield was assisting in turning a bedridden patient, when she claims that she injured her arm. That same day, Brakefield filed a workers' compensation report of injury, but she continued to work until November 19, 1996. Subsequently, Brakefield went to Dr. William Geissler who *947 treated Brakefield for her injury and released her to return to work on November 25, 1996, with some restrictions. Despite Dr. Geissler's release, Brakefield did not return to work. Because Brakefield had accumulated sufficient medical and personal leave, she was paid without working until March 12, 1997. Brakefield was on leave without pay from March 13, 1997 until February 28, 1998, when she was officially terminated.
¶ 4. On March 11, 1997, Brakefield underwent surgery for trigger finger on her left hand. Brakefield had progressive pain in her back and neck and she was diagnosed with a herniated nucleus pulposus. On April 30, 1997 and on August 5, 1998, Brakefield had surgery on her neck. In a letter dated September 28, 1998, Brakefield's physician, Dr. Robert McGuire, stated that it was unlikely that Brakefield would be able to function as a nurse's aide in the future. Dr. McGuire stated that her disability was due to chronic neck pain. Brakefield claims that all of these surgeries are related to the injury she sustained on October 17, 1996.
¶ 5. On February 18, 1998, Brakefield filed an application for disability benefits with PERS pursuant to Mississippi Code Annotated Section 25-11-113 (Rev.2003). On August 24, 1998, Brakefield was notified that her PERS application had been denied so she requested a hearing with the PERS Disability Appeals Committee pursuant to Mississippi Code Annotated Section 25-11-120(1) (Rev.2003). At the hearing on January 15, 1999, the question before the committee was whether Brakefield met the statutory requirements to qualify for disability benefits. The committee heard testimony, reviewed the evidence and requested that Brakefield undergo a Functional Capacity Evaluation (FCE) before making a recommendation to the PERS Board of Trustees.
¶ 6. On February 15, 1999, Brakefield underwent a FCE. The examiner who conducted the FCE stated that it was difficult to determine Brakefield's abilities due to her self-limited behavior. The examiner found that it was unlikely that maximum effort was given by Brakefield on the FCE as indicated by the fact that she failed four out of the five tests. Nevertheless, the examiner noted that Brakefield was able to lift twenty pounds from knee to waist, fifteen pounds from waist to overhead, twenty pounds in front carry, and twenty pounds in a one-handed carry on either side.
¶ 7. After the FCE, the Disability Appeals Committee recommended that Brakefield's request for the payment of benefits be denied. On August 24, 1999, the PERS Board of Trustees adopted the committee's findings. The circuit court of Hinds County affirmed the PERS final order.

STANDARD OF REVIEW
¶ 8. Under proper circumstances, employees working for the State of Mississippi are entitled to disability retirement benefits under PERS. Public Employees' Retirement Sys. v. Dishmon, 797 So.2d 888, 890(4) (Miss.2001). Mississippi Code Annotated Section 25-11-113 lists standards by which a person can be determined disabled. A person is disabled if he is unable "to perform the usual duties of employment." Id. Also, PERS must find that the employee seeking benefits is unable "to perform the duties of any employment covered by the [PERS] that is actually offered and is within the same general territorial work area, without material reduction in compensation." Id.
¶ 9. Once PERS has made a decision regarding the application of disability benefits, the decision shall not be disturbed *948 unless unsupported by substantial evidence; is arbitrary or capricious; is beyond the agency's scope or powers; or the decision violates the constitutional or statutory rights of the aggrieved party. Fulce v. Public Employees' Retirement Sys., 759 So.2d 401, 404(6) (Miss.2000). There is a rebuttable presumption which favors the agency's decision and the challenging party has the burden of proving the contrary. Id. "Neither this Court nor the circuit court is entitled to substitute its own judgment for that of PERS, nor may we re-weigh the facts of the case." Purnell v. Public Employee's Retirement Sys., 894 So.2d 597, 601(20) (Miss.Ct.App.2004) (citing Dishmon, 797 So.2d at 891(9)).

LAW AND ANALYSIS
I. WHETHER THE CIRCUIT COURT ERRED IN AFFIRMING THE DECISION OF THE PERS BOARD OF TRUSTEES
¶ 10. Brakefield contends that the circuit court erred in affirming the final order of the PERS Board of Trustees because the order was not supported by substantial evidence. Substantial evidence is "evidence which affords a substantial basis of fact from which the fact in issue can be reasonably inferred." Johnston v. Public Employees' Retirement Sys., 827 So.2d 1, 3(7) (Miss.Ct.App.2002). Substantial evidence requires that there be "more than a mere suspicion." Public Employees' Retirement Sys. v. Henderson, 867 So.2d 262, 264(6) (Miss.Ct.App.2004). After examining the record, we determine that substantial evidence existed in favor of PERS' ruling.
¶ 11. Brakefield claims that the results of the FCE prove that she is unable to return to work. However, the results of the FCE were inconclusive. The examiner stated that Brakefield's true abilities were difficult to determine because of her self-limited behavior. The examiner noted that the results of the examination were what the patient was willing to do and did not reflect her true physical capabilities. Additionally, the only medical records Brakefield presented to PERS were the records from the surgeries on her back and finger. Brakefield also stated that she had been to a physical therapist two times. PERS found this medical evidence insufficient to prove Brakefield's alleged disabling injuries. The inconclusive results of the FCE and the lack of medical evidence fail to establish that PERS' decision was unsupported by substantial evidence.
¶ 12. Brakefield claims that Dr. McGuire, her surgeon, and Al Davis, a retirement counselor at UMC, are both on record with opinions that she cannot return to her job and, therefore, the decision by PERS is not supported by substantial evidence. Although Dr. McGuire is Brakefield's surgeon, PERS has the discretion to determine which physicians' assessments to consider and how much weight should be given to each assessment. Byrd v. Public Employee's Retirement Sys., 774 So.2d 434, 438(15) (Miss.2000). Additionally, Dr. McGuire only stated that Brakefield could not return to work for at least twelve months after her surgery.
¶ 13. Davis, the UMC retirement counselor, is a lay person. The Mississippi Supreme Court has held "that the opinion of a lay person should not be taken as conclusive evidence of disability." Dishmon, 797 So.2d at 894(6). There is a rebuttable presumption which favors PERS' decision. Brakefield bears the burden of proving the ruling was not supported by substantial evidence. Dr. McGuire and Al Davis's opinions fail to prove that PERS' decision was not supported by substantial evidence.
*949 II. WHETHER THE DECISION BY THE BOARD OF TRUSTEES VIOLATED THE APPELLANT'S STATUTORY RIGHT
¶ 14. Brakefield claims that PERS' decision to deny her application for disability benefits is a violation of Mississippi Code Annotated Section 25-11-113(1)(a) which contains the definition of disability. Brakefield contends, because she meets the definition, PERS has failed to comply with the statute in granting her disability benefits. However, the only evidence to prove Brakefield meets the statutory requirements is the testimony of Dr. McGuire and Davis. Again, the opinions of Dr. McGuire and Davis have been presented to the committee and the committee made the determination what evidence to consider and how much weight the evidence should be given. We find that Brakefield does not prove that the statutory criteria are met based on this evidence. Therefore, Brakefield was not denied any statutory right under Mississippi Code Annotated Section 25-11-113.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.