GRIFFIS, J,
dissenting:
¶25. I respectfully disagree with the majority. In my opinion, the majority errs by reweighing the evidence and substituting its judgment for that of the Public Employees’ Retirement System (PERS). I find substantial evidence in the record to support the PERS decision.
¶ 26. In Public Employees’ Retirement System v. Cobb, 839 So.2d 605, 609 (¶ 12) (Miss.Ct.App.2003), this Court unanimously held:
In administrative matters, the agency, and not the reviewing court, sits as finder of fact. That fact-finding duty includes assessing the credibility of witnesses and determining the proper weight to give to a particular witness’s testimony. A reviewing court is obligated to afford such determinations of credibility in the fact-finding process substantial deference when reviewing an administrative determination on appeal,] and the court exceeds its authority when it proceeds to re-evaluate the evidence and makes its own determination of the trustworthiness of some particular testimony.
(Internal citations omitted).
¶27. “There is a rebuttable presumption in favor of a PERS ruling. Neither the appellate court nor the circuit court is entitled to substitute its own judgment for that of PERS, and it is impermissible for a reviewing court to re-weigh the facts of the case.” Pub. Employees’ Ret. Sys. v. Card, 994 So.2d 239, 242 (¶ 15) (Miss.Ct.App.2008) (quoting Pub. Employees’ Ret. Sys. v. Dishmon, 797 So.2d 888, 891 (¶ 9) (Miss.2001)). “As long as the reviewing court finds that the Board’s decision was supported by evidence and absent of fraud, it shall render the Board’s decision conclusive.” Id. at (¶ 14).
¶ 28. PERS does not bear the unreasonable burden of completely disproving every disability claim. This Court is not charged with the task of determining whether there is '“substantial evidence” of a disability. Pub. Employees’ Ret. Sys. v. Dishmon, 17 So.3d 87, 91 (¶ 19) (Miss.2009). The question before this Court is whether there was “substantial evidence” to support PERS finding that there was no disability. Id.
¶ 29. Substantial evidence “means something more than a mere scintilla of evidence” of “such relevant evidence as reasonable minds might accept as adequate to support a conclusion.” Delta CMI v. Speck, 586 So.2d 768, 773 (Miss.1991).
¶ 30. . The PERS’ Disability Appeals Committee- (Committee) set forth the following findings:
Disability is the medical incapacity for further performance of duty that is likely to be permanent and the employee should be retired. See Regulation 45A of PERS Board of Trustees, Administration of PERS Disability Benefits, and Mississippi Code Ann. Section 25 — 11— 114, (1972, as amended). Ms. Poole has the burden of persuading this Committee that she is disabled and to do that, we must have objective and credible medical evidence that Ms. Poole has a medical condition which has resulted in her. disability. We also note that Ms. Poole is somehow managing to work[,] *18 and she is maintaining acceptable evaluations in her job as a supervisor even with her complaints of severe pain.
This case is not an easy case. This Committee has evaluated each and every medical report and looked to see whether medical opinions are based on objective evidence and not just sympathy for Ms. Poole’s complaints. Ms. Poole has told this Committee that she has failed back syndrome. She was concerned about that diagnosis. Failed back syndrome simply means that Ms. Poole’s complaints of pain were not relieved after her lower back surgery. Failed back syndrome is not a physical diagnosis for a physical condition.
Basically, the main complaint here is that Ms. Poole has back pain that she claims is disabling. She does have some evidence of degenerative disease of her spine as evidenced by her neck and low back surgery, but the problem is that there is a void of evidence that would explain Ms. Poole’s complaints of neck and low back pain. When looking at the objective tests, the MRIs were essentially normal and certainly did not explain the complaints of pain. The EMGs were normal as far as a radiculopathy was concerned. And even Dr. [David] Lee wrote that he could not explain why Ms. Poole is continuing to complain of pain. This is not to say that we believe Ms. Poole is making up her pain. We are sympathetic to her situation. But that is not what we have been charged to look for in this case. We need objective evidence of a disease or condition that would result in a permanent disability. What we have is a lady who continues to work with no objective medical evidence of what might be causing her to suffer from pain that she alleges is disabling. During the hearing, this Committee noted Ms. Poole was able to turn her neck and head without any noticeable stiffness or pain. She was able to sit before us with some movement noted[,] but she was able to maintain her concentration. So, it seems that today, the issue is whether this Committee can award disability solely based on the subjective complaints of pain that Ms. Poole has. Our statute does not provide that disability can be awarded for subjective complaints when nothing objective is present. Further, in other Mississippi statutes, awards of disability cannot be maintained solely on the complaints of pain. We do not believe we have the authority to award disability in this case because we cannot find any objective and credible medical evidence of a disease or a condition, which is causing Ms. Poole to have pain. We have no choice but to recommend that Ms. Poole’s request for disability benefits be denied.
¶ 31. The task of this Court is to determine whether there was substantial evidence to support the finding that Poole is not disabled. The Committee’s findings contain this substantial evidence required to support the PERS decision.
¶ 32. PERS was in a far better position to evaluate Poole’s medical history and the evidence presented. This Court is required to give deference to the PERS decision. We cannot substitute our judgment, and we must not reweigh the facts. Pub. Employees’ Ret. Sys. v. Howard, 905 So.2d 1279, 1284 (¶ 15) (Miss.2005). I would affirm the judgment of the circuit court; therefore, I respectfully dissent from the majority’s decision.
ROBERTS, J., JOINS THIS OPINION.