# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-SA-00555-COA

**JONATHAN BRADLEY**                                                 **APPELLANT**

**v.**

**PUBLIC EMPLOYEES' RETIREMENT SYSTEM**                  **APPELLEE**
**OF MISSISSIPPI**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/21/2018 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | GEORGE S. LUTER THOMAS UPTON REYNOLDS II |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SAMUEL MARTIN MILLETTE JANE L. MAPP |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 08/20/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., GREENLEE AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Jonathan Bradley filed an application to receive disability benefits through the Public

Employees' Retirement System of Mississippi (PERS).   The PERS's Medical Board

determined that Bradley failed to provide sufficient evidence to support that he was disabled

under Mississippi Code Annotated section 25-11-113 and 25-11-114 (Rev. 2010).   Bradley

appealed the PERS Medical Board's decision to the PERS Disability Appeals Committee.

The Committee agreed with the PERS Medical Board's recommendation to deny both of

Bradley's claims for non-duty and duty-related disability benefits and submitted its

recommendation to the PERS Board of Trustees, which agreed with the Committee. Bradley then appealed to the Circuit Court of Hinds County, and the circuit court affirmed the PERS Board of Trustees' order. Aggrieved, Bradley appeals to this Court. After review of the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Bradley worked as a correctional supervisor for the Mississippi Department of Corrections at the Greenwood Restitution Center. Bradley was vested in the system at the time of the hearing with 24.75 years of service. Bradley described his typical duties as inspecting the building for cleanliness and observing staff perform their jobs, also maintaining documentation. Bradley testified that he occasionally had to "shake down" inmates as they entered and exited the unit. His other occasional duties including performing hourly counts of offenders, acquiring "jobs" for inmates, performing computer work, and verifying schedules and employee time sheets. He also had to drive offenders in the van on certain occasions. Bradley stated he worked with offenders about 90% of the day.

¶3. Between August 2008 and September 2009, Bradley was temporarily removed from work by Dr. Harold Wheeler for situational depression and anxiety. In November 2009, Bradley complained of upper arm pain and sought treatment from Dr. Jimmy Miller, a neurosurgeon, in December 2009. Dr. Miller recommended physical therapy.

¶4. In January 2010, he slipped on ice and fell while escorting an offender. After Bradley's fall in January 2010, he was treated at Greenwood Leflore Hospital by Dr. John Hollister for purported lower back pain on the left side and left shoulder pain. An x-ray of

the lumbar (lower back) showed mild degenerative-disk disease at L5-S1; however, there was no sign of an acute injury. Bradley was prescribed anti-inflammatory medicine for his shoulder and released.

¶5.    In July 2010, Bradley sought treatment from Dr. Wheeler for back pain. In a form listed as a "Workmen's Compensation Visit Report," Dr. Wheeler noted that Bradley suffered from chronic neck pain and recommended that Bradley use a heating pad. Dr. Wheeler also temporarily removed Bradley from work to undergo physical therapy; however, Bradley was released to return to work without restrictions in August 2010.

¶6.    In March 2011, Bradley tried to restrain an offender who had attacked another officer. Bradley was struck several times on his right forearm and shoulder, resulting in a swollen right arm. Nurse Practitioner Yvonne Tanner, who worked for Greenwood Comprehensive Medical Clinic, treated Bradley on behalf of Dr. Wheeler and noted that while he had difficulty coming to a standing position, he was able to return to work with no restrictions. This visit was also on a "Workmen's Compensation Visit Report" form.

¶7.    Bradley made appointments with Dr. Wheeler and Nurse Tanner again in 2011 and 2012 listing them as Workers' Compensation visits, citing chronic back pain. As a result, Bradley was restricted from bending and lifting more than 20 pounds; however, Dr. Wheeler noted that Bradley was able to perform his regular employment duties.

¶8.    In February 2012, Bradley was again treated for acute chronic back and neck pain; but he was able to perform his regular job duties. In April 2012, at the request of PERS, Bradley underwent an Independent Medical Evaluation (IME) conducted by Dr. David Collipp at

3

NewSouth NeuroSpine. Dr. Collipp found that while Bradley suffered from lumbar osteoarthritis, he was physically capable of performing his employment duties, had room for physical improvement, and no objective basis for permanent restrictions was found or recorded. Dr. Collipp concluded that the fall probably did cause lower back strain in addition to the laceration on Bradley's shoulder; however, Bradley's medical records reflected no objective reason for Bradley to be assigned to permanent restrictions.

¶9. In June 2012, Dr. Wheeler temporarily removed Bradley from work due to increased back pain. Nurse Tanner also noted that Bradley's ambulation required use of a cane and that he suffered from severe chronic-lumbar strain and moderate cervical spondylosis.[1] In July 2012, Bradley terminated his employment after eight months of applying for duty related disability. He cited pain in his right shoulder, right leg, and chronic back problems (from neck to tailbone) as the reason for his resignation.

¶10. Bradley applied for PERS disability benefits, under Mississippi Code Annotated sections 25-11-113 and 25-11-114(6), in May 2012 stating that he was disabled due to chronic neck and back pain suffered after injuries he sustained in the line of duty. Applications for disability benefits are reviewed by the PERS Medical Board, which arranges and decides all medical examinations for disability purposes. *See Pub. Emps. Ret. Sys. v. Marquez*, 774 So. 2d 421, 424 (¶8) (Miss. 2000). The PERS Medical Board is composed of three independent physicians appointed by the PERS Board of Trustees. *See* Miss. Code

---

[1] Spondylosis refers to degenerative changes in the spine such as bone spurs and degenerating intervertebral discs between the vertebrae. Spondylosis changes in the spine are frequently referred to as osteoarthritis.

Ann. § 25-11-119(7) (Rev. 2010). The PERS Medical Board determined that Bradley failed to provide sufficient evidence that he was disabled for the purposes of PERS disability benefits.

¶11.   Bradley appealed the PERS Medical Board's decision and was granted a hearing before the PERS Disability Appeals Committee in September 2012. Any person aggrieved by a determination of the PERS Medical Board may request a hearing before the designated hearing officer of the PERS Board of Trustees pursuant to Mississippi Code Annotated section 25-11-120 (Rev. 2010); *see also Pub. Emps. Ret. Sys. v. Stamps*, 898 So. 2d 664, 672 (¶25) (Miss. 2005).

¶12.   The PERS Disability Appeals Committee is made up of two physicians and a presiding officer to perform the duties of a hearing officer and to then make a recommendation to the PERS Board of Trustees. In all, five separate physicians, in addition to those performing any independent medical examinations, review every disability case before a recommendation is made. The Committee presented its recommendation to the PERS Board of Trustees to deny Bradley's claim. The Board adopted the Committee's proposed statement of facts and conclusions of law, denying Bradley's claim for non-duty and duty-related disability benefits. Bradley appealed to the circuit court, and the circuit court upheld PERS' decision to deny disability benefits. Bradley now appeals.

**STANDARD OF REVIEW**

¶13.   "As this Court has often stated, our review of an administrative agency's findings and decisions is limited: 'an agency's conclusions must remain undisturbed unless the agency's

5

order: (1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates one's constitutional rights.'" *Pub. Emps. Ret. Sys. v. Howard*, 905 So. 2d 1279, 1284 (¶13) (Miss. 2005) (quoting *Pub. Emps. Ret. Sys. v. Marquez*, 774 So. 2d 421, 425 (¶11) (Miss. 2000)).

## DISCUSSION

**I.      Whether PERS' decision to deny Bradley disability benefits was supported by substantial evidence.**

¶14.    Bradley asserts that PERS ignored the fact that his duties as a correctional supervisor sometimes required him to act as a correctional officer.  As a result, he maintains that the restrictions imposed on him by his treating physicians precluded such work as a correctional officer and that there was substantial evidence in support of a finding of permanent disability. "Substantial evidence has been defined as that which provides an adequate basis of fact from which the fact in issue can be reasonably inferred." *Pub. Emps. Ret. Sys. v. Dishmon*, 797 So. 2d 888, 892 (¶13) (Miss. 2001) (citing *Delta CMI v. Speck*, 586 So. 2d 768, 773 (Miss. 1991)).

¶15.    Bradley applied for regular disability benefits and duty-related disability benefits. There are 2 categories of disability benefits available to PERS members: (1) a regular disability benefit payable to members who are vested and who become disabled for any reason, and (2) a duty-related disability benefit, payable to members regardless of the number of years of credible service, where the member becomes disabled as a direct result of a physical injury sustained from another or traumatic event occurring in the line of duty. *See* Miss. Code Ann. §§ 25-11-113 & -114.

6

¶16. Disability is defined in Mississippi Code Annotated section 25-11-113(1)(a) as

> the inability to perform the usual duties of employment or the incapacity to perform such lesser duties, if any, as the employer, in its discretion, may assign without material reduction in compensation, or the incapacity to perform the duties of any employment covered by the Public Employees' Retirement System (Section 25-11-101 et seq.) that is actually offered and is within the same general territorial work area, without material reduction in compensation.

¶17. To be eligible for PERS disability benefits, the claimant has the burden of proving through sufficient evidence (i) that he is mentally or physically incapacitated for the further performance of duty, (ii) that such incapacity is likely to be permanent, and (iii) that he should be retired. *See* Miss. Code Ann. § 25-11-113(1)(a).

¶18. Here, Bradley was never deemed permanently disabled and the only specialist that Bradley ever saw was in 2009, prior to the other work-related incidents. There was never a medical opinion that Bradley was incapacitated from performing his duties. Bradley was treated by two physicians and neither stated that he was permanently disabled. The IME went further and stated Bradley was physically functionally capable and had room for physically functional improvement. Moreover, surgery was never recommended by any of his treating physicians and neither of them noted any permanent disability.

¶19. Therefore, it appears that Bradley's only assertion is that his pain was so debilitating that it inhibited him from performing his work duties. But, this Court has previously upheld the denial of disability benefits even with a party's complaint of debilitating pain resulting in a resignation. In *Laughlin v. Public Employees' Retirement System*, 11 So. 3d 154, 155 (¶3) (Miss. Ct. App. 2009), "Laughlin filed an application for non-duty related disability benefits." "[S]he resigned from her position . . . after working for over ten years as a

teacher." *Id*. Laughlin was evaluated for bursitis of her left hip and . . . complained of neck, low back, left hip, right hand, and right arm pain." *Id.* at 155 (¶4). But a physical examination, performed by Dr. Collipp, revealed that "Laughlin had no abnormal pain behaviors or pain magnification." *Id*. at 155-56 (¶5). This Court affirmed the denial of disability benefits because neither of the physicians in that case concluded that Laughlin was disabled. *Id*. at 160 (¶23).

¶20. Here, Dr. Wheeler was the only physician to find that Bradley's pain was too severe to return to work immediately. But, this finding was temporary because Dr. Wheeler later recommended physical therapy and released Bradley to return to work. Moreover, Dr. Collipp noted that Bradley's right upper and lower extremity complaints were not explained by the back and neck injuries that he sustained. Consequently, he also concluded that Bradley was capable of returning to work.

¶21. "A reviewing court cannot substitute its judgment for that of the agency or reweigh the facts of the case." *Pub. Emps. Ret. Sys. v. Howard*, 905 So. 2d 1279, 1285 (¶15) (Miss. 2005). After review of the record, we find that the denial of Bradley's disability benefits was supported by substantial evidence.

## II.  Whether the circuit court's decision to affirm should be upheld.

¶22. "Chancery and Circuit Courts are held to the same standard as this Court when reviewing agency decisions." *Id*. (citing *Miss. State Bd. of Pub. Accountancy v. Gray*, 674 So. 2d 1251, 1253 (Miss. 1996)). "When we find the lower court has exceeded its authority in overturning an agency decision we will reverse and reinstate the decision." *Id*.

¶23.    There was a substantial amount of evidence to support the PERS Board of Trustees'

decision.  Neither one of Bradley's treating physicians ever stated that Bradley was disabled

at the time of his resignation (i.e., voluntary termination).  Furthermore, medical records

indicated that Bradley suffered only a contusion and strain, not an acute injury.  Therefore,

the circuit court's decision to affirm was not arbitrary and capricious and should be upheld.

¶24.    **AFFIRMED.**

        **BARNES, C.J., CARLTON, P.J., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.  J. WILSON, P.J., NOT PARTICIPATING.**