706 So.2d 258 (1998)
Mary BRINSTON, Appellant,
v.
PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Appellee.
No. 96-CC-01222 COA.
Court of Appeals of Mississippi.
February 24, 1998.
*259 Eugene M. Harlow, Linnea K. Hall, Gibbes Graves Mullins Ferris Hortman & Harlow, Laurel, for Appellant.
Michael C. Moore, Attorney General, Mary Margaret Bowers, Sp. Asst. Atty. Gen., Jackson, for Appellee.
Before BRIDGES, C.J., and COLEMAN and DIAZ, JJ.
DIAZ, Judge, for the Court:
¶ 1. This is an appeal by Mary Brinston from the decision of the Hinds County Circuit Court. The circuit court affirmed the decision of the Board of Trustees of the Public Employees' Retirement System (PERS) denying Brinston retirement benefits. PERS Board held that there was insufficient evidence that the disability sustained by Brinston was a direct result of an accident or traumatic event which occurred in the line of performance of duty. Brinston now appeals to this Court.

FACTS
¶ 2. Brinston was employed as a Mental Health Direct Care Worker at the Ellisville State School. She was employed with them on two separate occasions. The first was from 1982 until 1987 and the second was from December 1, 1991 through August 24, 1994. She has been diagnosed with bilateral carpal tunnel syndrome. However, it is not exactly clear when the diagnosis was made. The Board of Trustee's findings of facts state that the diagnosis was made prior to her second period of employment with Ellisville, yet the record shows that the diagnosis was made on February 12, 1992, two months after her second period of employment and approximately fifteen months prior to her injury. No matter which of these dates is correct, they both predate the injury in question.
¶ 3. While tending to a patient on May 7, 1993, Brinston was shoved against a wall and fell against her shoulder. Brinston had two years of creditable service at the time of the incident. While admitting that she had difficulty with her hands prior to the incident, Brinston claims duty-related disability due to the fall because she claims that the condition worsened after the fall.
¶ 4. Brinston filed for hurt-on-the-job retirement benefits which were denied by the PERS Medical Board and Board of Trustees due to insufficiency of medical evidence to support the assertion that Brinston's disability was the direct result of an accident or traumatic event occurring in the line of performance of duty. Brinston appealed this decision to the Hinds County Circuit Court which upheld the lower decision of the Board of Trustees. Brinston now appeals to this Court contending:
I. THE CIRCUIT COURT COMMITTED ERROR IN HOLDING THAT THE OPINION AND ORDER OF THE PERS BOARD OF TRUSTEES WAS SUPPORTED BY SUBSTANTIAL EVIDENCE;
II. THE CIRCUIT COURT ERRED IN HOLDING THAT THE OPINION AND ORDER OF THE BOARD OF TRUSTEES OF THE PERS WAS NOT ARBITRARY AND CAPRICIOUS;
III. THE CIRCUIT COURT ERRED IN HOLDING THAT THE OPINION AND ORDER OF THE BOARD OF TRUSTEES OF THE PERS WAS NOT ISSUED IN VIOLATION OF MISS. CODE ANN. § 25-11-114(6) (Supp. 1995).
¶ 5. We affirm the circuit court's decision.

ISSUES

I. DID THE CIRCUIT COURT COMMIT ERROR IN HOLDING THAT THE OPINION AND ORDER OF THE PERS BOARD OF TRUSTEES WAS SUPPORTED BY SUBSTANTIAL EVIDENCE?
¶ 6. In a case such as this, the standard of review is whether the Board's decision was unsupported by substantial evidence, arbitrary and capricious, beyond the powers of the Board to make, or violative of a statutory or constitutional right of Brinston. Sprouse v. Mississippi Employment Sec. Comm'n, 639 So.2d 901, 902 (Miss. 1994). Likewise, this Court may not substitute its own judgment for that of the agency which rendered the decision, nor may we reweigh *260 the facts of the case. Mississippi Pub. Service Comm'n v. Merchants Truck Line, Inc., 598 So.2d 778, 782 (Miss. 1992). A rebuttable presumption exists in favor of PERS's decision, and Brinston is left with the burden of proving the contrary. Mississippi Com'n on Envtl. Quality v. Chickasaw County Board of Supervisors, 621 So.2d 1211, 1215 (Miss. 1993).
¶ 7. In order to be eligible for hurt-on-the-job disability benefits from PERS, a person must show that their disability is a direct result of an accident or traumatic event in the line of duty. Miss. Code Ann. 25-11-114 (Supp. 1995).
¶ 8. There was evidence indicating that Brinston was diagnosed with carpal tunnel syndrome in 1992, over a year prior to the accident of May 7, 1993, and had discussed possible carpal tunnel release in 1992 also. There was also evidence that Brinston had complained to one of her doctors in February 1992 that she was having difficulty performing her job. Additionally, the doctor who treated Brinston directly following the accident stated that she had only a contusion on her left shoulder and that no other trauma was noted. There was also testimony from Dr. Vohra, a member of the PERS Medical Board, which indicated that the pre-existing condition also could have been aggravated by duties performed at home.
¶ 9. The Board's conclusion that there was insufficient evidence to support a finding that Brinston sustained a disability as a direct result of an accident or traumatic event occurring in the line of performance of duty is supported by substantial evidence. It is clear that there were many other factors which may have contributed to or caused Brinston's condition and disability.

II. DID THE CIRCUIT COURT ERR IN HOLDING THAT THE OPINION AND ORDER OF THE BOARD OF TRUSTEES OF THE PERS WAS NOT ARBITRARY AND CAPRICIOUS?
¶ 10. Brinston, in her brief, relies on workers' compensation benefits law to support her claim that the Board's denial of benefits was arbitrary and capricious. However, we find, as did the circuit court judge, that although workers' compensation statutes are to be interpreted liberally, there is no such legislative announcement as to the PERS benefits statute. The statutory requirements for hurt-on-the-job disability benefits are separate and distinct from those for workers' compensation benefits. One does not depend on the other. For instance, workers' compensation law requires only that the disability is aggravated by the injury or that the injury is a factor in the disability while in order to receive retirement disability benefits the disability must be the direct result of the injury and the injury must be the sole cause of the disability. The fact that the Board did not employ workers' compensation rationale to determine whether PERS benefits were appropriate does not constitute arbitrary and capricious behavior on the part of the Board of Trustees. Therefore, the circuit court did not err in finding that the Board was not arbitrary and capricious in its denial of benefits to Brinston.

III. DID THE CIRCUIT COURT ERR IN HOLDING THAT THE OPINION AND ORDER OF THE BOARD OF TRUSTEES OF THE PERS WAS NOT ISSUED IN VIOLATION OF MISS. CODE ANN. § 25-11-114(6) (Supp. 1995)?
¶ 11. Section 25-11-114 of the Mississippi Code Annotated states that if a person has been an employee for less than four years, then that person is entitled to retirement allowance only if he becomes disabled as a direct result of an accident or traumatic event which occurred in the line of performance of duty. Once again Brinston relies on workers' compensation law to support her contentions. This Court may only apply the law as it is written, and the statute calls for the disability to be the direct result of the accident or traumatic event. The disability in question evolved over a period of time and events. There was not one accident or traumatic event which caused Brinston's disability. We therefore hold that the circuit court did not err in finding that the order and opinion of the Board was not in violation of the statute.
¶ 12. In conclusion, we find that there was substantial medical evidence to support the Board's denial of retirement benefits to Brinston. *261 We find also that the decision was neither arbitrary nor capricious, and the opinion and order of the Board were not issued in violation of Mississippi Code Annotated Section 25-11-114(6).
¶ 13. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT AFFIRMING THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM BOARD OF TRUSTEES' DENIAL OF RETIREMENT DISABILITY BENEFITS TO APPELLANT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, HERRING, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.