IRVING, J.,
for the Court.
¶ 1. Phyllis Trulove filed an application for duty-related disability benefits with the Public Employees’ Retirement System (PERS). The Disability Appeals Committee and the Board of Trustees denied Trulove’s request on the ground that her disability does not meet the statutory provisions of a duty-related disability. The Hinds County Circuit Court reversed PERS’ decision and granted Trulove duty-related disability benefits. Aggrieved, PERS appeals and asserts that the circuit court erred in finding that Tru-love suffered injuries as a direct result of *502 an accident that occurred during the course of her job duties.
¶2. Finding no error, we affirm the circuit court.
FACTS
¶ 3. At the time of the incident in question Trulove was employed as a Nurse II with the Lowndes County Department of Health. She had been employed with the Mississippi Department of Health for a total of ten and one-half years, previously working as a home health nurse for the Department of Health’s Tombigbee Home Health Agency.
¶ 4. On August 8, 1995, Trulove suffered injuries to her neck and shoulder when she was involved in an automobile accident in Clay County while performing her duties as a visiting home health nurse for the Department of Health. On May 23, 1996, she had magnetic resonance imaging (MRI) of her neck which revealed that she had suffered a herniated disk at the C4-5. On June 4, 1996, she underwent an anteri- or cervical discectomy. She also underwent several years of physical therapy, as well as other pain management procedures, in an effort to alleviate the pain caused by her shoulder injury, all to no avail.
¶ 5. Despite her constant complaints of pain, Trulove returned to work with the Tombigbee Home Health Agency as a medical re-certification nurse, rather than as a visiting nurse, which provided her with a more comfortable work environment. She was subsequently laterally transferred to the Department of Health as a Nurse II, where she worked in a clinic, the position she held at the time of the incident at issue. While working at the clinic, Trulove’s duties included completing paperwork, immunizing babies, giving injections, conducting physicals, and postpartum home visits.
¶ 6. On October 10, 2000, Trulove claims to have suffered a second duty-related injury, which prompted her to file an incident report with the Department the next day. In the incident report, Trulove stated that she was restraining a twelve-year-old boy who was about to receive an injection when she felt a “pop” in her neck which was immediately followed by pain in her head and arms. She also stated that her arm became weak and she released the child. On October 17, 2000, Trulove visited Dr. John D. Davis complaining of pain in her neck and right arm. On December 7, 2000, Trulove underwent surgery to repair a herniated nucleus at the C5-6 to alleviate the severe pain that she was experiencing in her neck and arm. She returned to work following the surgery, under a fifteen pound weight restriction.
¶ 7. On March 19, 2002, she applied for duty-related disability benefits for the October 10, 2000 incident, claiming to have reinjured her neck. Trulove testified before the Disability Appeals Committee that the pop felt like “electricity going through [her] head.” Trulove also testified that the incident on October 10, 2000, aggravated the shoulder injury that she had suffered in the car accident. Prior to the second injury, she underwent surgery in 2001 to repair a partial rotator cuff tear caused by the 1995 car accident.
¶ 8. Trulove further testified that she has pain in her neck and lower back that radiates down to her left leg which causes numbness and tingling. She stated that the pain has become unbearable and it affects every aspect of her daily life. She has been prescribed several pain relievers, but she is allergic to most and others make her drowsy, which causes her apprehension about taking them while performing her job duties. Trulove also testified that as a result of the pain, she lies down six or *503 seven hours a day. She testified that she is in pain twenty-four hours a day, seven days a week. As a result, on March 31, 2002, Trulove terminated her employment with the Department of Health.
¶ 9. Additional facts, as appropriate, will be related during our discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 10. This Court has limited judicial review of an administrative decision of an agency or board and shall uphold the decision of the Board unless its decision: (1) is not supported by substantial evidence, (2) is arbitrary and capricious, (3) is beyond the authority of the Board to make, or (4) violates Trulove’s statutory or constitutional rights. Sprouse v. Miss. Empl. Sec. Comm’n, 639 So.2d 901, 902 (Miss.1994). “There is a rebuttable presumption in favor of a PERS ruling. Neither this Court nor the circuit court is entitled to substitute its own judgment for that of PERS, and it is impermissible for a reviewing court to re-weigh the facts of the case.” Pub. Emples. Ret. Sys. v. Dishmon, 797 So.2d 888, 891(¶9) (Miss.2001) (citing Miss. Pub. Serv. Comm’n v. Merchs. Truck Line, Inc., 598 So.2d 778, 782 (Miss.1992)).
¶ 11. Employees of the State of Mississippi are eligible for regular disability benefits and duty-related benefits. In order to qualify for regular disability benefits an employee must have at least four years of state service. Miss.Code Ann. § 25-11-113(l)(a) (Rev.2006). PERS does not dispute that Trulove is disabled within the meaning of section 25 — 11—113(1)(a), which defines disability as:
the inability to perform the usual duties of employment or the incapacity to perform such lesser duties, if any, as the employer, in its discretion, may assign without material reduction in compensation, or the incapacity to perform the duties of any employment covered by the Public Employees’ Retirement System (Section 25-11-101 et seq.) that is actually offered and is within the same general territorial work area, without material reduction in compensation.
The Disability Appeals Committee found that “it is our unanimous decision that Ms. Trulove does suffer from a disability as defined by the statute and it is our recommendation that she be awarded Regular Disability Benefits.”
¶ 12. However, in order to be eligible for duty-related disability benefits the burden is on Trulove to show that her disability is a direct result of an accident or traumatic event which occurred while she was performing her job duties. Miss.Code Ann. § 25-11-114(6) (Rev.2006). Mississippi Code Annotated section 25-11-114(6) provides, in part:
Regardless of the number of years of creditable service upon the application of a member or employer, any active member who becomes disabled as a direct result of an accident or traumatic event resulting in a physical injury occurring in the line of performance of duty, provided that the medical board or other designated governmental agency after a medical examination certifies that the member is mentally or physically incapacitated for the further performance of duty and the incapacity is likely to be permanent, may be retired by the board of trustees....
(emphasis added).
¶ 13. The issue presented in this case is whether there is sufficient evidence to support the circuit court’s finding that Trulove’s second on-the-job injury was a direct result of an accident that occurred in the line of duty. PERS maintains that *504 its decision to deny Trulove’s request for duty-related benefits is supported by substantial evidence and argues that the circuit court erred in re-weighing the evidence. The record indicates that PERS reached its decision based on its opinion that a question exists as to whether the second accident actually occurred. The Committee held:
Considering all of the medical evidence presented to us and the lack of objective proof of an accident while lifting a child as claimed by Ms. Trulove, we are not persuaded that this claim is a duty related claim. The proof is conflicting. Ms. Trulove claims she felt a “pop” when giving a child an injection, but the only record documenting an alleged accident is one by Dr. Davis reporting that Ms. Trulove injured herself lifting a heavy patient.
¶ 14. We note at the outset that the Committee failed to consider Dr. Davis’ notes in their entirety. The following is an accurate account of Dr. Davis’ findings based on his notes from October 17, 2000:
Ms. Trulove is a 52-year-old right-handed white woman who was in good health until MVA [motor vehicle accident] in 1996[sic]. She suffered a lot of neck pain, and left shoulder pain after that. She subsequently had a C4-5 anterior cervical decompressive discectomy in 1996 and did well until she went back to work two months later. At work, she lifted a very heavy patient and had a recurrence of a lot of her pain. Basically ever since that time, she has been doing poorly. She reports that about six days ago, she was restraining a patient and felt a pop in her neck and her symptoms down her right arm have been worse since that time. She now complains of a host of things including limited flexion of her fingers on the left side, left sided-shoulder blade and elbow discomfort, numbness and tingling going down her left arm to the hand and fingers, involving the third, fourth and fifth digits. She complains of right-sided neck pain and arm pain radiating down the lateral aspect of her arm with numbness and tingling in her second and third digits. She specifically says it does not involve her thumb on the right side. She reports no new bowel or bladder problems, although, she has a longstanding history of stress urinary incontinence.
(emphasis added).
In light of Dr. Davis’ findings, which are a part of the record, we cannot agree with the Committee that “the only record documenting an alleged accident is one by Dr. Davis reporting that Ms. Trulove injured herself lifting a heavy patient.” Additionally, the record contains an incident report completed by Trulove on October 11, 2000, in which she provides a detailed account of the incident. Trulove recounted the following events:
I was ask [sic] to come to [the room of a registered nurse] by [a nurse’s assistant] to help give/hold a patient who needed an injection. Upon entry to her room, she stated that they could not hold this 12 year [old] boy (his mom was big pregnant) so I told them the only way I could help was to sit in [a] chair and let the boy sit in my lap which we did, I wrapped my legs around his legs and my arms around his shoulders and [nurse assistant] held his left arm, mom held his feet and she gave the injection — the boy ended up in [the] floor again. After his injection I stated: my head was hurting and my arms. I sat in [a] chair for a few minutes and told them I was going upstairs. My vision was blurred after I felt a pop in my neck — my head & arms started hurting. I went upstairs and told [a registered nurse] what had happened and I laid my head in my hands, then [another registered nurse] came in I told her & stated *505 my head is hurting can I go home & she replied yes. I went home.
¶ 15; It appears that the Committee did not thoroughly consider Dr. Davis’ notes, and gave no weight to Trulove’s incident report. PERS contends in its brief that the proximate cause of Trulove’s disability is “mainly pain that is the result of degenerative disc disease and a shoulder injury, all that were either caused or aggravated by a 1995 car accident.” It is worth noting that the neck and shoulder injuries which resulted from the 1995 car accident were duty-related in that a vehicle struck Tru-love’s vehicle as she was traveling to a home visit pursuant to her duties as a visiting home health nurse.
¶ 16. By providing the Committee with her medical records and the incident report, Trulove has satisfied her burden of establishing that she is disabled as a result of an on-the-job injury. Thus, PERS’ contention that “the evidence offered in Ms. Trulove’s claim was limited” is clearly contradicted by the record. Despite PERS’ contentions to the contrary, we find that there is substantial evidence that indicates that the injuries that Trulove suffered on October 10, 2000, were the direct result of an accident that occurred in the line of duty. Therefore, we affirm the circuit court on the ground that PERS’s decision was not supported by substantial evidence.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.