971 So.2d 622 (2007)
Sheila F. HOWARD, Appellant
v.
PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Appellee.
No. 2005-CC-02186-COA.
Court of Appeals of Mississippi.
May 15, 2007.
Rehearing Denied October 9, 2007.
Certiorari Denied December 13, 2007.
Paul D. Walley, Richton, attorney for appellant.
Mary Margaret Bowers, attorney for appellee.
Before MYERS, P.J., IRVING and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. Sheila F. Howard appeals the ruling of the Hinds County Circuit Court, First Judicial District, which affirmed the administrative decision of the Public Employees' Retirement System of Mississippi (PERS) to deny her application for permanent disability benefits. Howard, who suffers from chronic pain, weakness, and *624 fatigue, brought on by a severe case of fibromyalgia, applied to the PERS Medical Board for permanent disability benefits after her condition rendered her unable to perform her normal duties as a kindergarten teacher. The Medical Board denied her application on the grounds that there was "insufficient objective medical evidence" to support her claim. Howard appealed the decision of the Medical Board to the PERS Disability Appeals Committee (Appeals Committee). Following a hearing, the Appeals Committee affirmed the findings of the Medical Board and sent its recommendation to deny disability benefits to the PERS Board of Trustees. The Board of Trustees adopted the Appeals Committee's findings in a final written order. Howard then appealed to the Hinds County Circuit Court, First Judicial District. The circuit court affirmed PERS' decision to deny disability benefits, holding that the decision was supported by substantial evidence. Finding error, we reverse, render and remand.

STATEMENT OF THE FACTS
¶ 2. Howard was employed as a kindergarten teacher with the Greene County School District. On May 23, 2003, Howard voluntarily terminated her employment complaining of chronic pain, weakness, and fatigue, brought on by a severe case of fibromyalgia. At the time the forty-seven-year-old Howard terminated her employment, she had fourteen years of state service credit as a school teacher. On June 25, 2003, Howard applied for permanent disability benefits with PERS pursuant to Mississippi Code Annotated section 25-11-113(1)(a) (Rev.2006), which provides in pertinent part:
[A]ny active member in state service who has at least four (4) years of membership service credit may be retired by the board of trustees . . . provided that the medical board, after an evaluation of medical evidence that may or may not include an actual physical examination by the medical board, shall certify that the member is mentally or physically incapacitated for the further performance of duty, that such incapacity is likely to be permanent, and that the member should be retired. . . .
¶ 3. The record indicates that Howard's medical problems began nearly four years before the termination of her employment. Howard first sought medical treatment by presenting herself to the school nurse at Leakesville Elementary School. Howard complained that fatigue and body aches had begun to impede her job performance. Howard then visited Dr. Susan Folse, a specialist with Southern Bone & Joint, who tested Howard for lupus and ordered a bone scan. Neither test revealed any abnormalities. Dr. Folse suspected that Howard's symptoms were indicative of fibromyalgia and prescribed Neurontin to alleviate Howard's pain. Dr. Folse then referred Howard to Dr. Bertha Blanchard in Hattiesburg for further evaluation.
¶ 4. Dr. Blanchard first evaluated Howard on March 8, 2002, and concurred with Dr. Folse's suspicions that Howard's symptoms were indicative of fibromyalgia. In an attempt to exclude other possible causes of Howard's symptoms, Dr. Blanchard ordered a battery of tests, including a CT scan of Howard's spine, a CNS scan of Howard's central nervous system, an electroencephalogram and Doppler Cerebrovascular exam, an MRI of Howard's brain, and a neurological exam. All tests produced normal results. Dr. Blanchard then referred Howard to Dr. Ruth Fredericks and Dr. Joe Leigh of the Pain Treatment Center in Hattiesburg for a second opinion. After examining Howard, Dr. Fredericks and Dr. Leigh deferred to Dr. Blanchard's diagnosis of probable fibromyalgia. Howard was also seen by several *625 other doctors who conducted various tests on Howard, none of which are significant to our analysis, as they neither confirmed nor contradicted Dr. Blanchard's original diagnosis.
¶ 5. Dr. Blanchard continued to treat Howard, noting that her examinations revealed pain triggering points consistent with fibromyalgia. Dr. Blanchard then diagnosed Howard with fibromyalgia, and on October 28, 2003, drafted a letter to PERS in which Dr. Blanchard stated that "Sheila Howard has a severe case of fibromyalgia, and in my opinion is not in any condition to be gainfully employed. This is due to the fact that she has chronic pain secondary to that and requires powerful analgesics for control of this pain." In addition to Dr. Blanchard's diagnosis, evidence was presented that the Social Security Administration found Howard disabled and granted Howard permanent disability benefits, which commenced on May 23, 2003. The record also contained a letter from Dennis Cochran, business administrator for the Greene County School District, in which he notified PERS that, although the school district had attempted to accommodate Howard's condition, Howard was simply unable to perform her employment duties, despite her sincere desire to do so.
¶ 6. PERS then ordered an independent medical exam to be performed by Dr. Matthew B. Jones. Dr. Jones' impression, after examining Howard on November 1, 2003, was that Howard suffered from chronic pain and fatigue, fibromyalgia, and a questionable demyelinating disorder. However, Dr. Jones noted that his examination of Howard presented only "subjective" signs of fibromyalgia, through pain triggering points, and lacked any "objective gross physical findings." Apparently, based on Dr. Jones' failure to find any "gross physical findings," the Medical Board found that Howard had produced no "objective medical evidence" that she was unable to perform her job duties and denied her claim.
¶ 7. After the Medical Board denied her claim, Howard appealed to the Appeals Committee and a hearing was held on January 9, 2004. At the hearing, Howard testified to the severity of her medical condition and her inability to perform her job duties. The only other live testimony presented was that of Melissa Harvison, Howard's co-worker at Leakesville Elementary School, who testified that over the last two years Howard's physical condition had noticeably diminished and that Howard often appeared to be in pain while at work. The Appeals Committee heard the testimony and reviewed Howard's medical records, including the letter from Dr. Blanchard, the letter from Dennis Cochran, and other evidence presented. The Appeals Committee then determined that Howard had failed to meet her burden of producing substantial evidence supporting her disability claim. Relying on the fact that no specific test for fibromyalgia had been performed on Howard, and stating that Dr. Blanchard's diagnosis of fibromyalgia was supported only by "subjective evidence" and that "there was no objective medical evidence upon which to base an award of disability," the Appeals Committee recommended that the Board of Trustees deny Howard's application for permanent disability benefits.
¶ 8. The recommendation of the Appeals Committee was adopted by the Board of Trustees and Howard's application was denied by final order of PERS. On appeal, the Hinds County Circuit Court, First Judicial District, affirmed the administrative decision of the PERS Board of Trustees, finding that the decision to deny benefits was supported by substantial evidence. Aggrieved by the judgment of the circuit *626 court, Howard appeals to this Court and raises the following issue:
I. WHETHER THE CIRCUIT COURT ERRED IN HOLDING THAT THE ORDER OF THE PERS BOARD OF TRUSTEES WAS SUPPORTED BY SUBSTANTIAL EVIDENCE?

STANDARD OF REVIEW
¶ 9. This Court's standard of review of an administrative agency's findings and decisions is well established. As set forth in Rule 5.03 of the Uniform Rules of Circuit and County Court Practice, an agency's conclusions must remain undisturbed unless the agency's order: (1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates one's constitutional rights. Public Employees' Ret. Sys. v. Marquez, 774 So.2d 421, 425(¶ 11) (Miss.2000) (Fulce v. Public Employees Ret. Sys., 759 So.2d 401, 404(¶ 6) (Miss.2000); Davis v. Public Employees' Ret. Sys., 750 So.2d 1225, 1229(¶ 12) (Miss.1999); Brinston v. Public Employees' Ret. Sys., 706 So.2d 258, 259(¶ 6) (Miss.Ct.App.1998)). This Court may neither substitute its own judgment for that of the agency which rendered the decision nor reweigh the facts of the case. Marquez, 774 So.2d at 425(¶ 11) (citing Mississippi Pub. Serv. Comm'n v. Merchants Truck Line, Inc., 598 So.2d 778, 782 (Miss.1992)). A rebuttable presumption exists in favor of the action of an administrative agency, and the burden of proof is on the party challenging an agency's action. Marquez, 774 So.2d at 425(¶ 11) (citing Brinston, 706 So.2d at 260).

DISCUSSION
¶ 10. Under our standard of review, the focus of this Court's analysis is on whether there was substantial evidence in the record to support PERS' decision that Howard failed to meet her burden of bringing forth substantial evidence of her disability. "Substantial evidence means something more than a `mere scintilla' or suspicion." Marquez, 774 So.2d at 425(¶ 13) (citing Mississippi Real Estate Comm'n v. Anding, 732 So.2d 192, 196(¶ 13) (Miss.1999)). Substantial evidence has further been defined by this Court as "such relevant evidence as reasonable minds might accept as adequate to support a conclusion." Marquez, 774 So.2d at 425(¶ 13) (quoting Delta CMI v. Speck, 586 So.2d 768, 773 (Miss. 1991)).
¶ 11. The question before the PERS Medical Board, Disability Committee, and Board of Trustees was whether or not Howard's claim met the statutory requirements for receipt of permanent disability benefits. For the purposes of a disability determination, Mississippi Code Annotated section 25-11-113(1)(a) (Rev.2006) contains two requirements. First, the Medical Board, after a medical examination, must certify that the applicant is "mentally or physically incapacitated for the further performance of duty, that such incapacity is likely to be permanent, and that the member should be retired." Marquez, 774 So.2d at 425(¶ 14). Second, the medical board must apply the statutory definition of "disability" which reads:
[T]he inability to perform the usual duties of employment or the incapacity to perform such lesser duties, if any, as the employer, in its discretion, may assign without material reduction in compensation, or the incapacity to perform the duties of any employment covered by the Public Employees' Retirement System (Section 25-11-101 et seq.) that is actually offered and is within the same general territorial work area, without material reduction in compensation.
Miss.Code Ann. § 25-11-113(1)(a).
¶ 12. On appeal, PERS argues that its decision to deny benefits was supported by *627 substantial evidence. In reaching this decision to deny Howard's claim, PERS relied on medical records reviewed by medical professionals on the Medical Board, the lack of, what PERS calls, "objective medical evidence" supporting Howard's claim, and the fact that Howard was offered a teaching contract by the Greene County School District for the 2003-2004 school year. PERS claims that the offer of a renewed contract calls into question the reliability of the letter offered by the business administrator for the Greene County School District, which stated that Howard was no longer able to perform her job duties. In addition to the above stated grounds, PERS also argues that there was no specific testing performed to substantiate Dr. Blanchard's diagnosis of fibromyalgia, and that rheumatological testing would have been a preferred method of diagnosis.
¶ 13. PERS ultimately concluded that Howard had not presented substantial evidence of her disability. Such a conclusion by the Medical Board naturally leads to the conclusion that the Medical Board believes that Howard is mentally and physically capable of performing her normal duties as a kindergarten teacher. The minority of this Court refuses to accept this conclusion as an accurate assessment of the PERS decision. However, in order to receive an award of disability benefits under section 25-11-113(1)(a), Howard was required to show the Medical Board substantial evidence that her medical condition had rendered her permanently incapacitated of performing her duties as a kindergarten teacher, or any lesser duties that she may be assigned, and that she should be retired. Id. See also Marquez, 774 So.2d at 425(¶ 14). By concluding that Howard was not entitled to disability benefits, PERS also necessarily had to conclude that Howard is mentally and physically capable of performing her normal duties as a kindergarten teacher. This is contrary to the evidence presented.
¶ 14. Howard's medical records reveal that she has been diagnosed with a severe case of fibromyalgia by Dr. Bertha Blanchard. This diagnosis has not been disputed by any of the numerous physicians who have treated Howard over the past four years, and even the independent medical examiner appointed by PERS, Dr. Matthew Jones, confirmed that Howard showed signs of fibromyalgia through pain trigger points. PERS argues that the pain trigger points are "subjective" evidence rather than "objective" evidence of fibromyalgia, and that such complaints should not be given the weight of more objective tests. This is not the first time PERS has made this argument. In Marquez, 774 So.2d at 427(¶ 22), PERS argued that the diagnosis of physicians based on "subjective" rather than "objective" medical evidence should not be given equal weight. PERS further argued in Marquez, that to do so would establish that "anyone who wishes to be classified as disabled would need only complain that they cannot perform their regular work duties." Id. In ruling on this issue, our supreme court stated, "[i]f medical diagnoses by licensed physicians are to be labeled `subjective' evidence of medical ailments, it is unclear what PERS would consider to be `objective' evidence." Id. The court then held that the diagnosis of Marquez's medical condition, which included fibromyalgia, was undisputed in the record, as was the determination by her physician that she could not perform her regular job duties. Id. at 427(¶ 23).
¶ 15. In the case sub judice, an objective review of Howard's medical records clearly indicates that she suffers from a severe case of fibromyalgia and can no longer perform her job duties. The only conclusion offered in the PERS' order denying *628 benefits is that Howard's claim lacks sufficient "objective medical evidence." In light of what this Court considers to be an objective diagnoses made by Howard's treating physicians, and the fact that not one of the many doctors who examined Howard, including the independent medical examiner, Dr. Jones, contradicted Dr. Blanchard's diagnosis that Howard had a permanently debilitating case of fibromyalgia, we find PERS' decision to deny benefits arbitrary and capricious and unsupported by the substantial evidence. Additionally, we note that Howard has been determined to be disabled by the Social Security Administration (SSA). While PERS is not bound by the determination of the SSA that a person is disabled, such a determination may be considered as further evidence in support of disability. Public Employees' Ret. Sys. v. Allen, 834 So.2d 50, 54(¶ 12) (Miss.Ct.App. 2002).
¶ 16. The minority of this Court charges that we have substituted our judgment as to the sufficiency of the evidence presented by Howard for that of the "five physicians" on the Medical Board, asserts that "PERS, through its medical doctors, [was] in a far better position to evaluate Howard's medical history . . .," and proclaims that we must give deference to the PERS decision. We would be required to give deference to the PERS decision if medical evidence had been presented contradicting Howard's disability claim, and PERS weighing the evidence as a fact finder had denied benefits. That is not what happened here. Rather, PERS arbitrarily denied Howard's claim by declaring the medical evidence presented to be merely "subjective," rather than "objective" indicacia of fibromyalgia. The only medical evidence presented in this case was offered in support of Howard's claims, and that evidence went unrebutted by even the independent medical examiner appointed by PERS to examine Howard. As stated by our supreme court in Marquez, "[i]f medical diagnoses by licensed physicians are to be labeled `subjective' evidence of medical ailments, it is unclear what PERS would consider to be `objective' evidence." 774 So.2d at 427(¶ 22).
¶ 17. The minority would defer to the decision of the Medical Board as if it were an unbiased, independent body, with no stake in the outcome. We find it illogical to place the decision of the Medical Board on an equal plain with the evidence, when the evidence does not support the opinion. As in Marquez, the diagnosis that Howard's medical condition has rendered her unable to perform her job duties is undisputed in the record, and in accordance with stare decisis we must reverse the decision of the circuit court affirming PERS' decision. Accordingly, we hold that Howard was entitled to disability benefits and remand this case with instructions to award permanent disability benefits to Howard as allowed under applicable law.
¶ 18. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND RENDERED ON THE DENIAL OF BENEFITS AND REMANDED ON THE ISSUE OF THE BENEFITS AWARDED CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE, P.J., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION.
GRIFFIS, J., dissenting:
¶ 19. I respectfully disagree with the majority. In my opinion, the majority errs *629 by reweighing the evidence and substituting its judgment for that of PERS.
¶ 20. PERS's finding was that the evidence presented, including the medical records, physician's statements and testimony, was "insufficient objective evidence that Ms. Howard is disabled as defined in the PERS statute." PERS determined that Howard failed to meet her "burden of proving to the Medical Board and to the Appeals Committee that he or she is in fact disabled." Pub. Employees' Ret. Sys. v. Dishmon, 797 So.2d 888, 893(¶ 15) (Miss. 2001). The majority suggests that the Medical Board concluded that Howard was mentally and physically capable of performing her normal duties as a kindergarten teacher. That is not the conclusion of PERS. PERS has no obligation to prove the Howard is not disabled. Instead, it is Howard who must prove that she is disabled. PERS, through the Medical Board, determined that there was insufficient testing and medical information available to support that medical finding.
¶ 21. The majority's conclusion is based on Dr. Blanchard's October 28, 2003 letter, addressed "To Whom It May Concern," which read:
Sheila Howard has a severe case of fibromyalgia, and in my opinion is not in any condition to be gainfully employed. This is due to the fact that she has chronic pain secondary to that and requires powerful analgesics for control of this pain.
Howard argues that this letter was ignored by the Committee.
¶ 22. The Committee's analysis considered Dr. Blanchard's letter, along with the other medical evidence, and determined that the medical evidence was insufficient to conclude that Howard was disabled. The Committee's analysis read:
In looking at the medical records that were made a part of the record, it is of note that very little, if any, abnormal testing is documented. We do not see any testing for fibromyalgia, except for subjective trigger point test. Rheumatological testing would be preferable here, but there is none in the record. The Committee is concerned that Dr. Blanchard, an excellent physician, did not seem to look beyond the diagnosis of fibromyalgia after it was made. Testing would have been beneficial. Dr. Jones noted subjective symptoms such as atypical chest pain, depression and irritable bowel syndrome, but objective testing found that Ms. Howard's heart showed no damage, and her colon biopsy was also normal. Dr. Folse did assign impairment for back problems but it was noted that what Ms. Howard suffered from was degeneration of the spine and it was never documented that she had a herniated disc nor was surgery ever recommended. Carpal tunnel syndrome was diagnosed, but again, no testing was performed and never was surgery recommended. Dr. Morrissette, Dr. Fredericks and Dr. Leigh basically found no impairments. In addition, when Ms. Howard was referred to a psychiatrist, she said she could not see the doctor because of insurance problems. Yet, she saw many other doctors who apparently were approved for insurance problems.
Unfortunately in this case, there is no objective medical evidence upon which to award disability. Ms. Howard appears to have depressive symptoms and probably needs to be evaluated by a psychiatrist. . . . However, for this decision, there is no psychiatric record or testimony to base a psychiatric problem. Further, although we have a letter from the school district stating that Ms. Howard cannot perform her job, Ms. Howard testified that she was offered a contract *630 for the 2003-2004, year. This fact certainly blurs the persuasiveness of the letter. This Committee also recognizes that Ms. Howard has been awarded Social Security Disability, but this Committee has no evidence of how that decision was made and whether the same medical records were provided to us. Further, as all know, the definition of disability in this case is not the same as that of Social Security. One award does not in and of itself justify the award of another.
All of the testimony and evidence has been reviewed, and in doing so, it is clear that there is insufficient objective evidence that Ms. Howard is disabled as defined in the PERS statute. That being the case, this Committee must recommend that Ms. Howard's request for disability be denied.
¶ 23. I am of the opinion that PERS, through its medical doctors, was in a far better position to evaluate Howard's medical history and the evidence presented. In addition, PERS weighed the credibility of the letter from Howard's employer that said she could not perform her work duties with Howard's own testimony that she was offered a contract renewal for the following year. PERS' decision was based on its review of the evidence, and its physicians' medical knowledge. We must give deference to the PERS decision.[1] We cannot substitute our judgment, and we must not reweigh the facts. Pub. Employees' Ret. Sys. v. Howard, 905 So.2d 1279, 1284(¶ 15) (Miss.2005). I would affirm the circuit court.
NOTES
[1] In Public Employees' Retirement System v. Howard, 905 So.2d 1279, 1287-88(¶ 23) (Miss.2005), the Mississippi Supreme Court held:

The Medical Board which denied Howard's claim was made up of three physicians. The Appeals Committee which agreed with that determination included two physicians. Sorting through voluminous and contradictory medical records, then determinating whether an individual is permanently disabled is better left to physicians, not judges. This is the idea behind the creation and expansion of administrative agencies. "The existence within government of discrete areas of quasi-legislative, quasi-executive, quasi-judicial regulatory activity in need of expertise is the raison d'etre of the administrative agency." McGowan v. Miss. State Oil & Gas Bd., 604 So.2d 312, 323 (Miss. 1992). "Because of their expertise and the faith we vest in it, we limit our scope of judicial review." Id.